UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| **CASSANDRA COX**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **CALLAWAY COUNTY, MISSOURI**, and the | ) | |
| **CALLAWAY COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT**, | ) | **JURY TRIAL DEMANDED** |
| Serve: Gary Jungerman, Presiding Commissioner | ) | **AS TO ALL COUNTS** |
| Callaway County Courthouse | ) | |
| 10 East 5th Street | ) | |
| Fulton, MO 65251 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **SHERIFF DENNIS CRANE**, in his official and | ) | |
| individual capacity, | ) | |
| Serve: Dennis Crane | ) | |
| 1201 State Road O | ) | |
| Fulton, MO 65251 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **ROBERT HARRISON**, in his official and | ) | |
| individual capacity, | ) | |
| Serve: 1201 State Road O | ) | |
| Fulton, MO 65251 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **GLEN RIPSCH**, in his official and | ) | |
| individual capacity, | ) | |
| Serve: 1201 State Road O | ) | |
| Fulton, MO 65251 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **BRITTANY KARHOFF**, in her official and | ) | |
| individual capacity, | ) | |
| Serve: 1201 State Road O | ) | |

1

Fulton, MO 65251     )
             )
and          )
             )
**SKYLER KINNEY**, in her official and )
individual capacity,     )
Serve: 1201 State Road O   )
    Fulton, MO 65251  )
             )
and          )
             )
**BRENDA OLLAR**, in her official and )
individual capacity,     )
Serve: 1201 State Road O   )
    Fulton, MO 65251  )
             )
and          )
             )
**CLINTON MADDOX**, in his official and )
individual capacity,     )
Serve: 1201 State Road O   )
    Fulton, MO 65251  )
             )
and          )
             )
**DERINDA KELLEY**, in her official and )
individual capacity,     )
Serve: 1201 State Road O   )
    Fulton, MO 65251  )
             )
and          )
             )
**DUSTIN STEVENS**, in his official and )
individual capacity,     )
Serve: 1201 State Road O   )
    Fulton, MO 65251  )
             )
and          )
             )
**DYLAN DECKER**, in his official and )
individual capacity,     )
Serve: 1201 State Road O   )
    Fulton, MO 65251  )
             )
and          )

2

**KATIE MCCOWN**, in her official and
individual capacity,
Serve:  1201 State Road O
      Fulton, MO 65251

and

**LUKE SHOEMAKER**, in his official and
individual capacity,
Serve:  1201 State Road O
      Fulton, MO 65251

and

**RUSTIN MCCORMACK**, in his official and
individual capacity,
Serve:  1201 State Road O
      Fulton, MO 65251

and

**SHONA MYERS**, in his official and
individual capacity,
Serve:  1201 State Road O
      Fulton, MO 65251

and

**MICHAEL TIGNER**, in his official and
individual capacity,
Serve:  1201 State Road O
      Fulton, MO 65251

and

**SHANE STOKES**, in his official and
individual capacity,
Serve:  1201 State Road O
      Fulton, MO 65251

and

**DAVID WILLIAMS**, in his official and
individual capacity,

3

Serve: 1201 State Road O )
      Fulton, MO 65251 )
       )
and )
       )
**DYLAN RUEDIGER**, in his official and )
individual capacity, )
Serve: 1201 State Road O )
      Fulton, MO 65251 )
       )
and )
       )
**JACKIE ENGLISH**, in her official and )
individual capacity, )
Serve: 1201 State Road O )
      Fulton, MO 65251 )
       )
and )
       )
**AMBER DUENKEL**, in her official and )
individual capacity, )
Serve: 1201 State Road O )
      Fulton, MO 65251 )
       )
Defendants. )

## COMPLAINT

### INTRODUCTION

1.    Plaintiff Cassandra Cox was severely injured on February 28, 2016 when she collapsed and had a narcotic withdraw induced seizure and heart attack, while being incarcerated at the Callaway County, Missouri jail.

2.    Plaintiff was known to have serious mental health illnesses and conditions, including depression, poly-substance abuse disorder, bi-polar disorder, anxiety disorders, panic disorders, and various other health impairments at the time she was booked into the Callaway County Jail facility, on February 26, 2016. At the time of her booking Plaintiff was acting erratically, depressed, tired and lethargic. It was also known that Plaintiff abused

4

methamphetamine and had recently taken the narcotic, and was under the active care of a physician for her health problems.

3.     The Defendants ignored Plaintiff's disability and serious health conditions, causing Plaintiff to have a seizure and ultimately causing severe and permanent damage to Plaintiff's heart and brain.

4.     This is a civil rights action, brought pursuant to 42 U.S.C. §1983, to redress the violation of Cassandra Cox's rights under the Constitution and law of the United States, including her right to be given access to medical and mental care and protected from deliberate indifference to substantial medical and mental health needs, as well as due process, all as guaranteed under the Fourth, Eighth, and Fourteenth Amendments; violations of 42 U.S.C. § 12131, and is subject to the provisions of Title II of the Americans with Disabilities Act of 1990, as amended, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and negligence claims against individual officers herein named pursuant to the laws of the State of Missouri.

## JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 because this action seeks to redress Plaintiff's deprivation, under the color of Missouri State Law, of rights secured by the laws and Constitution of the United States. Plaintiffs' claims for relief are cognizable under 42 U.S.C. §§ 1983 and 1988, 42 U.S.C. § 12131 and 29 U.S.C. § 794. Jurisdiction with respect to the supplemental state law claims is proper under 28 U.S.C. §1367(b) because these claims are so related to the other claims in this complaint that they form part of the same case or controversy.

6.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because the Defendants are located, and all incidents, events, or omissions giving rise to this suit occurred,

5

within the jurisdictional limits of the United States District Court for the Western District of Missouri.

**PARTIES**

7.      Plaintiff Cassandra Cox brings the above entitled causes of action.  Plaintiff currently resides in Callaway County, State of Missouri.9.   Defendant Callaway County, Missouri is a body politic and county existing pursuant to the laws of the State of Missouri, and owns, operates and otherwise controls the Callaway County, Missouri jail, by and through its Sheriff's Department.

8.      Defendant Sheriff Dennis Crane was an elected official and individual that is charged with the oversight of the Callaway County Sheriff's Department and the Callaway County, Missouri jail. Defendant is a resident of the State of Missouri, and is sued in both his individual and official capacity.

9.      Defendant Robert Harrison, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail as the jail administrator. Defendant is a resident of the State of Missouri and is sued in both his official and individual capacity.

10.      Defendant Glen Ripsch, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in his official and individual capacity.

11.      Defendant Brittany Karhoff, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued

6

in her official and individual capacity.

12. Defendant Skyler Kinney, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in her official and individual capacity.

13. Defendant Brenda Ollar, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in her official and individual capacity.

14. Defendant Clinton Maddox, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in his official and individual capacity.

15. Defendant Derinda Kelley, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in her official and individual capacity.

16. Defendant Dustin Stevens, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in his official and individual capacity.

17. Defendant Dylan Decker, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned

7

worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in his official and individual capacity.

18.     Defendant Katie McCown, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in her official and individual capacity.

19.     Defendant Luke Shoemaker, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in his official and individual capacity.

20.     Defendant Rustin McCormack, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in his official and individual capacity.

21.     Defendant Shona Myers, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in her official and individual capacity.

22.     Defendant Michael Tigner, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in his official and individual capacity.

23.     Defendant Shane Stokes, was at all times mentioned herein, a Deputy Sheriff /

8

Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in his official and individual capacity.

24.     Defendant David Williams, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in his official and individual capacity.

25.     Defendant Dylan Ruediger, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in his official and individual capacity.

26.     Defendant Jackie English, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in her official and individual capacity.

27.     Defendant Amber Duenkel, was at all times mentioned herein, a Deputy Sheriff / Officer with the Callaway County Sheriff's Department, and at all times herein mentioned worked in the Callaway County jail. Defendant is a resident of the State of Missouri and is sued in his official and individual capacity.

**FACTS COMMON TO ALL COUNTS**

28.     Plaintiff is a qualified individual with a disability.

29.     Plaintiff has a history of mental impairments, including depression, attention deficit disorder, bi-polar disorder, anxiety disorders, and panic disorder.

9

30.     Plaintiff's disability substantially limits her in performing several major life activities, including major life activities such as learning, thinking, concentrating, interacting with others, and sleeping.

31.     From February 26, 2016 to February 28, 2016, Plaintiff Cassandra Cox was an inmate at the Callaway County Jail, and was under the custody and care of Defendants.

32.     Said jail is owned, controlled and otherwise operated by Callaway County, Missouri, and the Callaway County Sheriff's Department.

33.     Plaintiff was "booked in" to the Callaway County jail on Friday, February 26, 2016 at approximately 8:00 a.m.

34.     At that time and place, Defendant Glen Ripsch, pursuant to Callaway County jail policies and procedures, asked Cassandra Cox a series of question regarding her health status.

35.     At that time, Cassandra Cox informed Defendant Glen Ripsch that she suffered from severe emotional and mental illnesses and was under the active care of a physician, Dr. Nuaz, for said medical issues.

36.     At that time, Cassandra Cox also informed Defendant Glen Ripsch that she suffered from an iron deficiency and other medical issues including alcohol and drug dependency.

37.      At that time, Defendant Glen Ripsch noted that Plaintiff was exhibiting abnormal signs of anxiety, shame and fear, and was crying, non-communicative and silent.

38.     Defendant Glen Ripsch did not have Plaintiff evaluated by a medical professional on February 26, 2016, and did not offer medical attention to Plaintiff, instead Plaintiff was placed in a holding cell.

39.     On February 26, 2016 pursuant to jail policies and procedures, and because of her medical conditions, Plaintiff was placed on fifteen minute monitoring, which required that she be checked on every fifteen minuets, and said checks be logged.

40.     On February 26, 2016, after being placed in a holding cell Plaintiff indicated to officers that she "wants to die."

41.     Plaintiff refused all meals on February 26, 2016.

42.     Plaintiff was not evaluated by any medical professional whatsoever on February 26, 2016, and was never offered medical attention.

43.     Plaintiff refused all meals on Saturday February 27, 2016.

44.     That on February 27, 2016, Plaintiff's Father, Bruce Cox, contacted the Callaway County jail and spoke to Defendant Brittany Karhoff. Mr. Cox informed Defendant that Plaintiff suffered from attention deficit disorder, bi-polar disorder and was prone to panic attacks. Mr. Cox informed Defendant that his daughter needed medication for her health conditions, he also informed Defendant that Plaintiff was arrested on drug charges, was an active user of methamphetamine, and was likely experiencing withdraw.

45.     Plaintiff reported to officers on multiple occasions throughout the day on February 27, 2016 that she did not feel well, and "needed to go to rehab."

46.     Plaintiff was not evaluated by any medical professional whatsoever on February 27, 2016, and was never offered medical attention.

47.     Plaintiff refused all meals on Sunday February 28, 2016.

48.     Plaintiff reported to officers on multiple occasions throughout the day on February 28, 2016 that she did not feel well, and "needed to go to rehab."

11

49.     At approximately 6:30 a.m. on February 28, 2016, Plaintiff made a phone call and began to act erratically, frantically, and hysterically.

50.     Plaintiff was not evaluated by any medical professional whatsoever on February 28, 2016, and was never offered medical attention by Defendants.

51.     On February 28, 2016, at approximately 7:30am, Plaintiff collapsed in her cell.

52.     Plaintiff suffered from a seizure and heart attack that was caused by withdrawal from methamphetamine and lack of medical care for her other serious health conditions.

53.     All of the officers, deputies, lieutenants, and personnel at the Callaway County jail, as well as Sheriff Dennis Crance and jail administrator Robert Harrison, knew or should have known of Plaintiff 's serious medical conditions. However, Plaintiff's medical conditions were ignored.

54.     Defendants took no steps to ensure access to Plaintiff's medical and mental care.

55.     Defendants denied Plaintiff access to emergency medical treatment, causing her to suffer a seizure and heart attack.

56.     Defendant Callaway County and its sheriff's department, and Sheriff Dennis Crane, and Defendant Robert Harrison, did not have adequate policies, procedures, and customs in place to deal with inmate medical emergencies and, as such, the policies, procedures, and customs that were in place were unconstitutional.

57.     Plaintiff was released and  transferred from the Callaway County jail to a hospital on February 28, 2016 because the jail could not accommodate her medical care.

58.     Defendant Callaway County is mandated to provide aid and services to those individuals with disabilities such as Plaintiff.  Plaintiff was discriminated against by not being provided with medical services.

12

59.     Plaintiff is informed, believes, and thereon alleges that Defendants have failed and continue to fail to:

        (a)    Take appropriate steps to ensure that individuals who have mental impairments have access to appropriate medical care;

        (b)    adequately screen for mental illness during the booking process or during incarceration, ignore clear signs of mental illness and requests for care and, as a result, routinely fail to document serious mental health symptoms, psychiatric medications, and treatment history;

        (c)    appropriately identify those who are mentally ill, Defendants then refuse to provide necessary treatment to those with mental illnesses;

        (d)    cause individuals with mental illnesses to experience significant delays in receiving prescription psychiatric medications, and are denied basic mental health care, despite repeated requests for treatment.; and

        (e)    Ensure that individuals who have mental illnesses can obtain information as to the existence and location of medical care services, activities, and facilities.

60.     Plaintiff is informed, believes, and thereon alleges that Defendant Callaway County has not adopted and does not enforce appropriate policies and procedures to ensure Callaway County Sheriff's Department takes appropriate steps to:

        (a)    Take appropriate steps to ensure that individuals who have mental

13

impairments have access to appropriate medical care;

(b)     Adequately screen for mental illness during the booking process or during incarceration, ignore clear signs of mental illness and requests for care and, as a result, routinely fail to document serious mental health symptoms, psychiatric medications, and treatment history;

(c)     Appropriately identify those who are mentally ill, Defendants then refuse to provide necessary treatment to those with mental illnesses;

(d)     Cause individuals with mental illnesses to experience significant delays in receiving prescription psychiatric medications, and are denied basic mental health care, despite repeated requests for treatment.; and

(e)     Ensure that individuals who have mental illnesses can obtain information as to the existence and location of medical care services, activities, and facilities.

61.     Upon information and belief, Defendant Callaway County has no policy, practice or custom to accommodate individuals with mental illnesses under the ADA and the Rehabilitation Act and this failure to provide these necessary accommodations created the damages suffered by, and danger encountered by, Plaintiff, as more fully set forth herein.

62.     In addition, Defendant Callaway County also failed to train its officers/deputies in a manner consistent with state and federal laws; and was negligent in the training of its officers/deputies, in providing care and safety to Plaintiff; and was negligent in failing to provide

14

Plaintiff basic medical care in a manner that accommodated her disability.

63.     Defendants also failed to operate the Callaway County Sheriff's Department in a manner consistent with state and federal laws; were negligent in providing care, protection, assistance, safety; and failed to provide Plaintiff with basic medical care in a manner that accommodated her disabilities.

64.     Defendants engaged in the discriminatory practices described herein with malice, deliberate, and/or reckless indifference to Plaintiff's rights.

<u>**COUNT I**</u>
**Failure To Provide Adequate And Necessary Medical Care In Violation Of The Fourth, Eighth And Fourteenth Amendments To The United States Constitution**
**42 U.S.C. §1983**
**(Against All Defendants)**

65.     Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

66.     Defendants knew Plaintiff was in need of emergency medical care, when on or about February 26, 2016 and February 27, 2016, Plaintiff informed Defendants of her medical conditions and symptoms.

67.     Defendants were aware that drug and alcohol withdraw can cause serious injury and death, and Defendants knew that Plaintiff was experiencing drug and alcohol withdraw, in addition to her mental impairments.

68.     That despite this knowledge, and despite Plaintiff's repeated pleas for medical attention, she was not allowed to be seen by a medical doctor or other medical professional on February 26, 27 or 28, 2016.

69.     That Defendants, despite knowing of Plaintiff's condition, and despite their knowledge of the cause of her pain and underlying medical conditions, refused to provide

Case 2:18-cv-04045-NKL   Document 1   Filed 02/27/18   Page 15 of 29

emergency medical care for Plaintiff despite their knowledge that emergency care was needed.

70.     That by the time Plaintiff was taken to the hospital for medical attention, she had suffered irreparable damage to her heart and brain.

71.     That the actions of Defendants, both individually, and acting together and in concert, constitute cruel and unusual punishment and violate the Eight Amendment to the Constitution of the Unites States.

72.     Plaintiff was in Defendants' custody, and their refusal to provide Plaintiff appropriate medical care was objectively unreasonable conduct and was deliberately indifferent to the medical needs of Plaintiff.

73.     As a result of Defendants' objectively unreasonable conduct and deliberate indifference to Plaintiff's medical needs, Plaintiff suffered damages, including the need to seek medical care, to undergo multiple procedures, and to become indebted for medical expenses in a sum not yet determined, and Plaintiff will be required to seek additional and future medical care, and become indebted for further such large sums as a result of Defendants' conduct as Plaintiff's medical condition is both progressive and permanent in nature.

74.     As a result of Defendants' objectively unreasonable conduct and deliberate indifference to Plaintiff's medical needs, Plaintiff suffered, and will continue to suffer in the future, pain, discomfort, distress, mental anguish, disfigurement, and loss of a normal life.

75.     That as a direct and proximate result of the actions of Defendants, Plaintiff Cassandra Cox is permanently disabled and in the future will lose wages and income in an amount yet to be ascertained.

76.     That the misconduct described herein was undertaken with malice, willfulness, and reckless indifference to Plaintiff's health and safety.

77.     That the misconduct described herein was undertaken pursuant to the unconstitutional policies and practices of Callaway County, Missouri, by and through the Callaway County Sheriff's Department, Callaway County Sheriff Dennis Crane, and Jail Administrator Robert Harrison.

78.     If Plaintiff prevails, she is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1988.

79.     In committing the acts alleged in the preceding paragraphs, the individually named Defendants were members of, and acting as agents of, Callaway County, Missouri and the Callaway County Sheriff's department, and acting at all relevant times within the scope of their employment.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages and for attorney's fees and costs of this litigation, and for other relief as is appropriate under the law.

**COUNT II**
**Policies, Procedures And Practices In Violation Of The Fourth, Eighth And Fourteenth Amendments To The United States Constitution**
**42 U.S.C. §1983**
**(Against Defendants Callaway County, Sheriff Dennis Crane & Robert Harrison)**

80.     Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

81.     Defendants policies, procedures and customs and practices allowed the jail facility to be operated on Saturdays and Sundays, with no trained medical professional who could provide proper care for inmates, or properly respond to an inmate's serious medical needs.

82.      Defendants policies, procedures and customs and practices required officers at the jail facility to assess an inmate's medical conditions and determine if the condition was a

17

serious medical emergency and/or a condition that required immediate treatment.

83.     Defendant Callaway County, Sheriff Dennis Crane and Jail Administrator Robert Harrison, provide no medical training to their officers or jail staff in regard to the performance of the aforementioned duties whatsoever.

84.     Defendants policies, procedures and customs and practices forced an untrained officers to make a diagnoses, and determine if medical attention is required, when the officers are not trained or competent to do such.

85.     That the actions of Defendants constitute cruel and unusual punishment and a violation of Plaintiff's due process rights, and violate the Eight Amendment and Fourteenth Amendment to the Constitution of the Unites States of America.

86.     Plaintiff was in Defendants' custody, and their refusal and failure to have adequate policies, procedures customs and practice, were deliberately indifferent to the Constitutional Rights of Plaintiff.76.  Defendants consequently breached their duty to properly train their officers, take steps to enforce such procedures to ensure protection of constitutional rights, and correct the violations of which it had actual or constructive notice.

87.     As a result of Defendants' objectively unreasonable conduct and deliberate indifference to Plaintiff's Constitutional Rights, Plaintiff suffered damages, including the need to seek medical care, to undergo multiple surgical procedures, and to become indebted for medical expenses in a sum not yet determined, and Plaintiff will be required to seek additional and future medical care, and become indebted for further such large sums as a result of Defendants conduct as Plaintiff's medical condition is both progressive and permanent in nature.

88.     As a result of Defendants' objectively unreasonable conduct and deliberate indifference, Plaintiff suffered, and will continue to suffer in the future, pain, discomfort,

distress, mental anguish, disfigurement, and loss of a normal life.

89.    That as a direct and proximate result of the actions of Defendants, Plaintiff is disabled and in the future will lose wages and income in an amount yet to be ascertained.

90.    That the misconduct described herein was undertaken with malice, willfulness, and reckless indifference to Plaintiff's health and safety and to his Constitutionally protected rights.

91.    If Plaintiff prevails, he is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1988.

92.    In committing the acts alleged in the preceding paragraphs, the individually named Defendants were members of, and acting as agents of, Callaway County, Missouri and the Callaway County Sheriff's department, and acting at all relevant times within the scope of their employment.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages and for attorney's fees and costs of this litigation, and for other relief as is appropriate under the law.

### COUNT III
**Negligence – Missouri Common Law**
**(Against Defendants Robert Harrison, Glen Ripsch, Brittany Karhoff, Skyler Kinney, Brenda Ollar, Clinton Maddox, Derinda Kelley, Dustin Stevens, Dylan Decker, Katie Mccown, Luke Shoemaker, Rustin Mccormack, Shona Myers, Michael Tigner, Shane Stokes, David Williams, Dylan Ruediger, Jackie English & Amber Duenkel)**

93.    Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the above paragraphs.

94.    That Defendants were at all times herein referred an officer employed by Defendant Callaway County.

19

95.     At all times herein mentioned Defendants were acting in the course and scope of their employment with the Callaway County Sheriff's Department, and were subject to the counties approved and promulgated policies and procedures.

96.     That Callaway County's policies and procedures for the Callaway County Jail require that an inmate with a serious medical condition or illness be evaluated by a medical professional, and that any inmate exhibiting hostile, hysterical or otherwise erratic behavior be examined by a medical professional. The policies and procedures also require said information be reported to a supervising officer.

97.     That Defendants did not mention or otherwise report decedent's behavior or medical condition to the supervising officer.

98.     Plaintiff was never evaluated be a medical professional or offered medical attention, in direct contravention of Callaway County policies and procedures.

99.     That Callaway County's policies and procedures for the jail require that every inmate whom has a serious medical condition or illness be monitored at fifteen-minute intervals.

100.    That Defendants did not monitor or otherwise observe Plaintiff in fifteen-minute intervals as required by the policies and procedures.

101.    That Defendants were negligent and derelict in their ministerial duties in the following respects, to wit:

   a.   That Defendant did not report Plaintiff's medical conditions and/or suicidal, hysterical or otherwise erratic behavior to the supervising officer.

   b.   That Defendants completely failed, neglected or chose not to monitor or otherwise observe Plaintiff on February 26, 27 and 28, 2016.

     c. That Defendants failed to obtain a medical evaluation for Plaintiff, or offer her medical attention on February 26, 27 and 28, 2016.

102. As a result of Defendants' negligence as aforesaid, Plaintiff suffered damages, including the need to seek medical care, to undergo multiple surgical procedures, and to become indebted for medical expenses in a sum not yet determined, and Plaintiff will be required to seek additional and future medical care, and become indebted for further such large sums as a result of Defendants conduct as Plaintiff's medical condition is both progressive and permanent in nature.

103. As a direct result of Defendants' negligence as aforesaid, Plaintiff suffered, and will continue to suffer in the future, pain, discomfort, distress, mental anguish, disfigurement, and loss of a normal life.

104. That as a direct and proximate result of the aforesaid actions, omissions, customs, practices, policies, and decisions of the aforementioned Defendants, Plaintiff is disabled and in the future will lose wages and income in an amount yet to be ascertained.

105. In committing the acts alleged in the preceding paragraphs, the individually named Defendants were members of, and acting as agents of, Callaway County, Missouri and the Callaway County Sheriff's department, and acting at all relevant times within the scope of their employment.

WHEREFORE, Plaintiff states that she has been damaged for which damage they pray judgment against Defendants in such sum as may be fair and reasonable in the premises, but in excess of Twenty-Five Thousand Dollars ($75,000.00), plus costs herein and for such other and further relief as this Court deems just and proper.

## COUNT IV
## Violations of Section 504 of the Rehabilitation Act of 1973 – 29 U.S.C. § 794
## (Against Defendant Callaway County, Missouri)

106.     Plaintiff re-alleges and incorporates by reference the above allegations set forth in this Complaint as if fully set forth herein.

107.     All of the operations of Defendant Callaway County its Sheriff's Department qualify as "programs or activities," as those terms are defined in 29 U.S.C. § 794(b). This includes all operations of the Callaway County Jail.

108.     Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), provides in pertinent part:

> No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

109.     Defendants have discriminated against Plaintiff on the basis of disability in violation of 29 U.S.C. § 794 and its implementing regulations as more fully described above. Such discrimination includes but is not limited to failure to provide accommodations and failure to render medical care.

110.     Plaintiff is an individual with a disability who is substantially limited in several major life activities, including the major life activities such as learning, thinking, concentrating, interacting with others, and sleeping.

111.     . Accordingly, she is a qualified individual with a disability within the meaning of the Rehabilitation Act. See 29 U.S.C. §705(20)(B).

112.     Defendant Callaway County is a public entity and is a recipient of federal financial assistance, and its sheriff's department, qualifies as a program and service for purposes

22

of the Rehabilitation Act. Thus, Defendant Callaway County must comply with the Rehabilitation Act's mandate. The Rehabilitation Act requires that federal money recipients reasonably accommodate persons with disabilities in their program activities and services and reasonably modify such services and programs to accomplish this purpose.

113.    Plaintiff was qualified to participate in the services, programs, activities, and benefits provided to citizens by Defendant Callaway County within the meaning of the Rehabilitation Act.

114.    Defendant Callaway denied Plaintiff access to programs, benefits and services provided to other citizens solely on the basis of his disabilities and for which she was qualified to participate in, thereby violating the Rehabilitation Act.

115.    Through its agents acts and omissions described herein, Defendant Callaway violated the Rehabilitation Act by:

> (a)    Failing to reasonably modify and accommodate jail department operations and services for Plaintiff, which would include adequately screening for mental illness during the booking process or during incarceration, ensuring safe help and assistance when encountered by jail personnel and educating and training officers/deputies in the care of individuals with mental impairments. Defendant Callaway and its sheriff's department made none of these modifications and accommodations;
>
> (b)    Failing to adopt a policy to protect the well-being of people like Plaintiff, who suffer from mental illness; thus facilitating the discriminatory treatment of Plaintiff;
>
> (c)    Discriminating against Plaintiff, as an individual with a mental

23

impairment; in the provision of services by its sheriff's department, in a mental health crisis situation, on the basis of her disability, by not accommodating her disability;

(d)   Upon information and belief, failing to conduct a self-examination plan under Section 504, and then   failing to modify its programs and services to accommodate the needs of persons with mental impairments, such as Plaintiff, when called upon to provide services; and

(e)   Failing to train and supervise sheriff officers/deputies and employees to communicate effectively and provide appropriate medical care for individuals with mental impairments and train and supervise sheriff's department employees regarding the culture and behavior of individuals who have mental impairments.

116.   Despite the provisions of the Rehabilitation Act, Defendants persisted in imposing conditions and practices which discriminate against Plaintiff and other persons who have mental impairments, or have other disabilities by excluding Plaintiff from participation in, by denying her the benefits of, and subjecting her to discrimination in the benefits and services Defendants provide to the general public.

117.   Defendant's conduct toward Plaintiff, including but not limited to their refusal to accommodate or assist her in arranging medical care, directly and proximately caused his injuries.

118.   As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff has suffered damages, injuries, pain and suffering, inconvenience, emotional distress, impairment of quality of life, reasonable and necessary medical, hospital and other

24

expenses, and deprivation of her civil rights.

119.    Plaintiff has been injured and aggrieved by, and will continue to be injured and aggrieved by, Defendant's discrimination.

120.    Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendant.

121.    Defendant's actions were intentional and with reckless disregard and deliberate indifference for Plaintiff's rights as a person with disabilities.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor to declare that Defendant Callaway's actions and inactions violate Section 504 of the Rehabilitation Act of 1973; issue injunctive relief restraining Defendant from violating Section 504 of the Rehabilitation Act of 1973; award Plaintiff damages for injuries, emotional distress, impairment of quality of life, reasonable and necessary medical, hospital and other expenses, and deprivation of her civil rights; and award Plaintiff her reasonable attorney's fees and costs incurred herein; and for such further, necessary, proper relief that the Court deems appropriate.

## COUNT V
### Violations of Title II of the Americans with Disabilities Act– 42 U.S.C §§12131 et seq.
### (Against Defendant City of Callaway, Missouri)

122.    Plaintiff re-alleges and incorporates by reference the above allegations set forth in this Complaint as if fully set forth herein.

123.    Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms for discrimination continue to be "serious and pervasive social problem." 42 U.S.C. § 12101(a)(2).

124.    In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of

25

discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(l)(2).

125.     Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

126.     Plaintiff is an individual with a disability who is substantially limited in several major life activities, including but not limited to her history of mental impairments, including depression, attention deficit disorder, bi-polar disorder, anxiety disorders, and panic disorder. Accordingly, she is a qualified individual with disability as defined in 42 U.S.C. § 12131(2).

127.     At all times relevant to this action, Defendant Callaway is and was a public entity and is a local government or instrumentality of a state or local government as defined in 42 U.S.C. § 12131(1), and its sheriff's department qualifies as a program, service, or activity to the general public for the purposes of the ADA.

128.          The ADA, 42 U.S.C. § 12132, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, or activities of a public entity or be subjected to discrimination by any public entity.

129.     Title II of the ADA affirmatively requires that governmental and public entities such as Defendant Callaway and its sheriff's department modify and accommodate their practices, policies, and procedures as necessary to avoid discriminating against individuals with disabilities.

26

130.    Through the acts and omissions of Defendant Callaway and its agents and employees described herein, Defendant Callaway violated Title II of the ADA by discriminating against the Plaintiff by failing to provide her with appropriate medical care during the course of law enforcement interactions, including incarceration.

131.    Plaintiff is informed, believes, and thereon alleges that Defendant Callaway and its agents and employees could have reasonably provided her access to appropriate medical care.

132.    Upon information and belief, as a result of presumptions and stereotypes about individuals with mental impairments, Defendant discriminated against Plaintiff because of her disability, history of impairment, or regarded her as disabled.

133.    Defendant Callaway violated the ADA by:

(a)    Failing to reasonably modify and accommodate jail department operations and services for Plaintiff, which would include adequately screening for mental illness during the booking process or during incarceration, ensuring safe help and assistance when encountered by jail personnel and educating and training officers/deputies in the care of individuals with mental impairments. Defendant Callaway and its sheriff's department made none of these modifications and accommodations;

(b)    Failing to adopt a policy to protect the well-being of people like Plaintiff, who suffer from mental illness; thus facilitating the discriminatory treatment of Plaintiff;

(c)    Discriminating against Plaintiff, as an individual with a mental impairment; in the provision of services by its sheriff's department, in a mental health crisis situation, on the basis of her disability, by

27

not accommodating her disability;

(d)    Upon information and belief, failing to conduct a self-examination plan under the ADA, and then failing to modify its programs and services to accommodate the needs of persons with mental impairments, such as Plaintiff, when called upon to provide services; and

(e)    Failing to train and supervise sheriff officers/deputies and employees to communicate effectively and provide appropriate medical care for individuals with mental impairments and train and supervise sheriff's department employees regarding the culture and behavior of individuals who have mental impairments.

134.    As a result of Defendant's actions, omissions and/or failure to act, Plaintiff has been injured and suffered emotional distress, pain, and anguish.

135.    At all times, Defendant was authorized to but failed to provide and/or render Plaintiff medical assistance despite her repeated requests.

136.    Defendants' actions were intentional and with reckless disregard and deliberate indifference for the Plaintiff's rights as a person with disabilities.

137.    Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor to declare that Defendant Callaway's actions and inactions violate the American with Disabilities Act of 1990 as amended; issue injunctive relief restraining Defendant from violating Title II of the ADA; award Plaintiff damages for injuries, emotional distress, impairment of quality of life, reasonable and necessary medical, hospital and other expenses, and deprivation of her civil

rights; and award Plaintiff's reasonable attorney's fees and costs incurred herein; and for such further, necessary, proper relief that the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues in this case which are so triable.

Respectfully Submitted,

A.G. LARAMORE LLC

/s/ Anthony G. Laramore
Anthony G. Laramore #63017MO
10024 Office Center Avenue
Suite 202
St. Louis, MO 63128
Phone: (314) 241-0999
Fax: (314) 297-0939
agl@laramorelaw.com

Cyrus Dashtaki, # 57606MO
Dashtaki Law Firm, LLC
5201 Hampton Avenue
St. Louis, MO 63109
Telephone: (314) 832-9600
Facsimile: (314) 353-0181
Email:  cyrus@dashtaki.com

ATTORNEYS FOR PLAINTIFF

29