# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CASSANDRA COX, <br><br> Plaintiff, <br><br> v. <br><br> CALLAWAY COUNTY SHERIFF'S DEPARTMENT, et al., <br><br> Defendants. | Case No. 2:18-CV-04045-NKL |

## ORDER

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss for failure to state a claim Counts IV and V of plaintiff Cassandra Cox's complaint. Those counts allege violations of the Americans with Disabilities Act (the "ADA") and Rehabilitation Act (the "RA"), respectively. For the reasons set forth below, the Court denies the motion to dismiss.

## I. FACTS ALLEGED

Ms. Cox was an inmate of the Callaway County Jail between February 26, 2018 and February 28, 2018. Complaint, Doc. 1, ¶ 31.[1] During intake at the jail, she advised authorities of various mental impairments and stated that she was under a particular physician's active care. *Id.* at ¶ 35. Her father also informed a jail officer that Ms. Cox suffered from certain mental impairments and needed medications for her disability. *Id.* at ¶ 44.

Because of her medical conditions, Defendants placed Ms. Cox in a holding cell, monitoring her every fifteen minutes. *Id.* at ¶ 39. Defendant's policy, procedure, custom and

---

[1] At the motion to dismiss stage, the Court must accept all of Ms. Cox's allegations as true and construe them "in the light most favorable" to her. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

practice was for jail officers and deputies to assess an inmate's medical conditions. *Id*. at ¶¶81-84. Defendants did not contact Ms. Cox's physician, provide her with prescribed medication, or provide her any mental health treatment during her incarceration. *Id*. at ¶¶ 3, 38, 42, 46, 50, 53-54.

Ms. Cox alleges, *inter alia*, that Defendants failed either to adopt or to enforce policies, procedures, practices, or customs to (1) provide mental health services, treatment or accommodations to jail inmates with mental disabilities (*id.* at ¶¶ 56, 61); (2) provide necessary treatment to those with a mental disability (*id*. at ¶¶59(c), 60(c)); (3) avoid causing individuals with mental disabilities to experience significant delays in receiving prescription psychiatric medications (*id*. at ¶¶59(d), 60(d)); and (4) ensure that trained medical providers assess and diagnose medical treatment for individuals with disabilities (*id*. at ¶¶62, 81-84, 115(a) and (e), 133(a) and (e)).

## II. **STANDARD**

The Federal Rules of Civil Procedure require the dismissal of a complaint that fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint alleges sufficient facts to state a claim to relief, the Court accepts all factual allegations as true. *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

The question before the Court "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (quotation marks and citation omitted).

## III. DISCUSSION

To state a claim under Title II of the ADA,[2] Ms. Cox must allege that "[s]he is a qualified individual with a disability denied participation in, or the benefits of, the services, programs, or activities of a public entity because of h[er] disability." *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir.1998). To state a claim under the RA, Ms. Cox must allege that "(1) [s]he is a qualified individual with a disability; (2) [s]he was denied the benefits of a program or activity of a public entity which receives federal funds, and (3) [s]he was discriminated against based on h[er] disability." *Id.*, at 911 (citations omitted). Thus, apart from the "federal funding requirement," the ADA is "similar in substance to the Rehabilitation Act, and cases interpreting either are applicable and interchangeable." *Id.*, at 912 (quotation marks and citation omitted).

On this motion, there is no dispute that Ms. Cox has adequately alleged that she is a qualified individual with a disability. The primary issue before the Court is whether Ms. Cox's ADA and RA claims are for inadequate medical treatment, which cannot form the basis of claims under the ADA and RA. In addition, in their reply, Defendants raise for the first time the argument that Ms. Cox's allegations are threadbare and conclusory.

As a preliminary matter, the argument that Ms. Cox's allegations are conclusory is foreclosed because it was not raised in the original motion papers (Docs. 73-74). *See Bank of Am., N.A. v. UMB Fin. Servs., Inc.*, 618 F.3d 906, 911 n.4 (8th Cir. 2010) (declining to consider argument "because it was . . . raised for the first time in a reply brief"); *Myers v. KNS Dev. Corp.*,

---

[2] There is no dispute that Callaway County jail is a "public entity" to which Title II of the ADA applies. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210, 118 S. Ct. 1952, 1953–55 (1998) ("State prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'") (citing 42 U.S.C. § 12131(1)(B)).

No. 2:17-CV-04076-NKL, 2017 WL 4202242, at *5 (W.D. Mo. Sept. 21, 2017) ("Because this argument was raised for the first time on reply, the Court will not address it.").

In any event, Ms. Cox has alleged facts sufficient to state a plausible claim that she is a qualified individual with a disability who was denied participation in the services, programs, or activities of Calloway County because of her mental illness. *See, e.g.,* Doc. 1, ¶ 115 ("Through its agents[,] acts and omissions described herein, Defendant Callaway violated the Rehabilitation Act by . . . (d) . . . failing to modify its programs and services to accommodate the needs of persons with mental impairments such as Plaintiff . . . ."). Ms. Cox has specifically alleged that she advised jail authorities of her mental health impairments and alcohol and drug dependency and that she repeatedly reported that she did not feel well and "needed to go to rehab." *Id.*, ¶¶ 35, 36, 45, 48. She refused all meals on each of the three days she spent in the jail and she told officers that she "want[ed] to die." *Id.*, ¶¶ 40, 41, 43, 47. Nonetheless, jail authorities did not offer her medical attention. *Id.*, ¶ 46. If the evidence bears out these allegations, a reasonable jury could conclude that jail authorities treated Ms. Cox differently than they would have someone in the same circumstances who was not suffering from mental health impairments or alcohol and drug dependency.

This brings us to the principle issue raised in the motion—whether Ms. Cox's ADA and RA claims are for inadequate medical treatment. "Improper medical treatment claims may not be brought under the ADA or RA." *A.H. v. St. Louis County, Missouri*, 891 F.3d 721, 729 (8th Cir. 2018). However, "[c]laims of inadequate medical treatment for a disability are distinguishable from claims that a prisoner was denied access to medical services because of his disability." *Postawko v. Missouri Dep't of Corr.*, No. 16-4219-NKL, 2017 WL 1968317, at *13 (W.D. Mo. May 11, 2017); *see also McNally v. Prison Health Servs.*, 46 F. Supp. 2d 49, 58–59 (D. Me. 1999)

4

(denying defendant's motion for summary judgment on plaintiff's ADA claim where the record before the Court showed that the jail "has one policy for detainees taking HIV medication and one for detainees on medication for maladies other than HIV"); *cf. Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (holding that ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners" where "[n]o discrimination is alleged" and plaintiff "was not treated worse because he was disabled"). While the former type of claim is not cognizable under the ADA and RA, the latter is.

Ms. Cox has alleged, *inter alia*, that "Defendants have failed and continue to fail to: (a) [t]ake appropriate steps to ensure that individuals who have mental impairments have access to appropriate medical care; (b) . . . routinely fail to document serious mental health symptoms, psychiatric medications, and treatment history; (c) . . . refuse to provide necessary treatment to those with mental illnesses; (d) cause individuals with mental illnesses to experience significant delays in receiving prescription psychiatric medications . . . despite repeated requests for treatment." These allegations suggest that Callaway County's policies and practices deny to jail inmates with mental impairments medical services that are made available to jail inmates with other types of impairments. Ms. Cox therefore has stated claims under the ADA and RA.

IV. **CONCLUSION**

For the reasons discussed above, Callaway County's motion to dismiss Counts IV and V of the complaint is DENIED.

                                                  s/ Nanette K. Laughrey
                                                  NANETTE K. LAUGHREY
                                                  United States District Judge

Dated: March 5, 2019
Jefferson City, Missouri