# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CASSANDRA COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-04045-NKL |
| | ) |
| CALLAWAY COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff Cassandra Cox's motion to strike affirmative defenses, Doc. 139. Plaintiff asserts that under Federal Rule of Civil Procedure 12(f), this Court should strike Defendants' affirmative defenses 1, 2, 3, 4, 5, 6, 7, 8(b), 9, 10, 12, and 13, or in the alternative, that Defendants be required to provide a more definite statement regarding those affirmative defenses pursuant to Federal Rule of Civil Procedure 12(e). For the following reasons, Cox's motion to strike is granted in part and denied in part.

## I.     Background

Plaintiff Cassandra Cox filed suit against defendants Callaway County, Missouri; the Callaway County Sheriff's Department; and various employees of the Callaway County Sheriff's Department in their individual and official capacities. Doc. 132 (First Amended Complaint). Cox alleges that the defendants ignored her serious health condition while being incarcerated at the Callaway Count, Missouri jail, resulting in severe and permanent damage to her heart and brain. *Id.*, at 14.

Defendants filed their Answer to Plaintiff's First Amended Complaint which included thirteen "further and affirmative defenses." Doc. 133, at 30–33. These defenses asserted the following: (1) Defendants deny every allegation of Cox's complaint; (2) Cox has failed to state a claim for which relief can be granted; (3) Cox's requested accommodations were unduly burdensome; (4) Callaway County is protected by sovereign immunity; (5) Callaway' County's liability coverage preserves a defense of sovereign immunity; (6) all of the named individual defendants are protected from liability for state law claims by official immunity; (7) Defendants are protected from liability for federal law claims by qualified immunity; (8) Defendants were not the proximate cause of Cox's injuries, in that (a) Cox did not divulge relevant information to Defendants and (b) the Fulton Police Department failed to offer medical treatment to Cox and failed to inform Defendants of relevant information; (9) Defendants are immune from punitive damages; (10) any award against Defendants is subject to the Sovereign Immunity cap under RSMo. § 537.610; (11) a damages award would be barred or reduced due to Cox's comparative fault; (12) claims of vicarious liability against Callaway County is not actionable under 42 U.S.C. § 1983; and (13) Cox has no actionable claim for punitive damages in federal court. *Id.* Cox subsequently filed this motion to strike Defendant's affirmative defenses 1, 2, 3, 4, 5, 6, 7, 8(b), 9, 10, 12, and 13. Doc. 139.

## II. Discussion

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure a court may strike from a pleading an insufficient affirmative defense or "any redundant, immaterial, impertinent, or scandalous matter." While courts have "liberal discretion" to strike pleadings under Rule 12(f), striking a party's pleading is an "extreme measure" that is "viewed with disfavor and infrequently

granted." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted).

Cox argues that Defendants' affirmative defenses should be stricken because they do not plead sufficient factual bases as required under Federal Rule of Civil Procedure 8, and they are not proper affirmative defenses. Doc. 140, at 1. In support of her motion, Cox asserts that the pleading standard established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) applies to the pleading of affirmative defenses. Cox reasons that these defenses should be stricken because she cannot reasonably respond to these defenses. Cox further requests that in the event that Defendants are given leave to amend their Answer, the Defendants should be required to plead sufficient facts to both provide her with notice of the basis for the claimed defenses and to meet the *Twombly* pleading standard. *Id.*, at 2.

At the Circuit level, only the Second Circuit has definitively addressed what pleading standard applies to affirmative defenses. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2d Cir. 2019). In that case, the Second Circuit held that "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense" but that the application of this standard to affirmative defenses is a "context-specific" task. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d at 98.

In the Eighth Circuit, District judges are divided on the issue. *Compare Bigfoot on the Strip, LLC v. Winchester*, No. 18-3155-CV-S-BP, 2018 WL 4904948, at *1 (W.D. Mo. Oct. 9, 2018) (concluding "*Iqbal* and *Twombly* do not apply to affirmative defenses"), *and Fed. Trade Comm'n v. BF Labs. Inc.*, No. 4:14-CV-00815-BCW, 2015 WL 12806580, at *2 (W.D. Mo. Aug. 28, 2015) (same), *with Goldsmith v. Lee Enterprises, Inc.*, No. 4:19CV1772 HEA, 2019 WL 5188951, at *5 (E.D. Mo. Oct. 15, 2019) (holding *Twombly* standard applies to affirmative

3

defenses and applying the Second Circuit's contextual analysis), *and Cope v. Let's Eat Out, Inc.*, No. 6:16-CV-03050-SRB, 2017 WL 1425838, at *1 (W.D. Mo. Apr. 18, 2017) (reviewing cases and holding *Twombly* standard applies to affirmative defenses). Some District judges in the Eighth Circuit have reasoned that Eighth Circuit precedent, predating *Twombly*, supports the proposition that "affirmative defenses 'need not be articulated with any rigorous degree of specificity' and are 'sufficiently raised for purposes of Rule 8 by [their] bare assertion.'" *Liguria Foods, Inc. v. Griffith Labs., Inc.*, No. C14-3041-MWB, 2014 WL 6066050, *4 (N.D. Iowa Nov. 13, 2014) (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)); *see also Bigfoot on the Strip, LLC v. Winchester*, No. 18-3155-CV-S-BP, 2018 WL 4904948, at *1 (W.D. Mo. Oct. 9, 2018); *Infogroup, Inc. v. Database LLC*, 95 F. Supp. 3d 1170, 1193 (D. Neb. 2015); *U.S. Bank Nat. Ass'n v. Educ. Loans Inc.*, No. CIV. 11-1445 RHK/JJG, 2011 WL 5520437, at *6 (D. Minn. Nov. 14, 2011). These opinions reason that *Zotos* remains controlling precedent because *Twombly* did not address the pleading standard for defenses.

This Court has previously considered the applicability of the *Twombly* pleading standard to affirmative defenses. *Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at *2 (W.D. Mo. Jan. 22, 2019). In *Jennings*, this Court did not determine whether the *Twombly* standard applies to affirmative defenses because the outcome of the case was the same whether *Twombly* did or did not apply. Likewise, the Court decides here that its resolution of Cox's motion to strike will be the same regardless of whether *Twombly* is or is not applied, therefore the Court need not take a position on the debate. A defendant must, at a minimum, give fair notice to the opposing party because *Twombly* "did not abrogate the notice pleading standard." *Hamilton v. Palm,* 621 F3d 816, 817 (8th Cir. 2010); *see also* 5 Fed. Prac. & Pro. § 1274 (3d ed.). Thus, the relevant question is whether merely stating an affirmative defense gives notice or something more is

4

needed. With that in mind, the Court turns to the affirmative defenses challenged in Cox's motion to strike.

### A. Affirmative Defense Numbers 1, 2, 12, and 13.

Defendant's affirmative defenses 1, 2, 12, and 13 are as follows:

> 1. Defendants expressly deny each and every allegation of Plaintiffs First Amended Complaint not expressly admitted herein.
> 2. Defendants affirmatively state that the allegations of Plaintiffs First Amended Complaint fail to state a cause of action upon which relief may be granted against these Defendants and such First Amended Complaint should be dismissed.
> . . .
> 12. Defendants affirmatively state that all claims purporting to impose vicarious liability on Defendant Callaway County are not actionable under 42. U.S.C. § 1983.
> 13. Defendants affirmatively state that Plaintiff has no actionable claim for punitive damages against Defendants in Federal Court.

Doc. 133, at 30–33.

Defendants' affirmative defenses 1, 2, 12, and 13 serve as general statements by Defendants that they disagree with Cox's allegations and that Cox's claims should be dismissed. Affirmative defense 1 provides only a broad statement that Defendants deny Cox's allegations. Defenses 2, 12, and 13, though styled as affirmative defenses, similarly point out deficiencies in Cox's claims. A motion to dismiss is the proper vehicle to challenge the legal sufficiency of Plaintiff's complaint, not an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1), 12(b); *see also Jennings v. Nash*, No. 6:18-CV-03261-NKL, 2019 WL 286750, at *4 (W.D. Mo. Jan. 22, 2019) ("Failure to state a claim is an improper affirmative defense; such an assertion is appropriate as a motion to dismiss."). Accordingly, affirmative defenses 1, 2, 12, and 13 are stricken.

### B. Affirmative Defense Number 3.

Defendant's affirmative defense 3 is as follows:

> 3. Defendants affirmatively state that Plaintiff's allegations and requested accommodations concerning the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) would constitute an undue burden on the County and

individual defendants because of the costs and burdens associated and with the requests.

Doc. 133, at 31 (citation omitted).

Cox states that a defense of undue burden is a fact-intensive defense, but that Defendants do not "assert, explain, or otherwise plead, what accommodations would be an undue burden or why." Doc. 140, at 3–4. Cox argues that this defense should therefore be stricken as there is insufficient factual support to put Cox on notice of the grounds upon which this defense rests. Defendants contend that "Plaintiff's own motion makes clear that she has been given sufficient notice of Defendants' claimed defenses" and that "[t]he specific facts upon which [this] defense is based are the subject of discovery." Doc. 143, at 4–5.

Cox alleges in her amended complaint Counts XXXII and XXXIII relating to claims for violations of Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 79, and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131 *et seq.* respectively. Doc. 132, at 86–94. Cox's complaint notes specific claims for alleged failures to offer accommodations in violation of the RA, including allegations of Defendant's failure to "reasonably modify and accommodate jail department operations and services for Plaintiff, which would include adequately screening for mental illness during the booking process or during incarceration, ensuring safe help and assistance when encountered by jail personnel and educating and training officers/deputies in the care of individuals with mental impairments," Doc. 132, ¶ 543(a), and failure "to modify its programs and services to accommodate the needs of persons with mental impairments." *Id.*, at ¶ 543(d). Cox used these same factual allegations of Defendants' failures to accommodate in asserting that Defendants violated the ADA. Doc. 132, ¶ 561(a), (d). Though Cox may wish to know with more specificity in what ways Defendants believe that these accommodations would have caused an undue burden, reading the affirmative defense in

6

conjunction with the complaint shows that fair notice was provided to Cox as to this affirmative defense. Accordingly, Cox's motion to strike affirmative defense 3 is denied.

### C. Affirmative Defense Number 8(b).

Defendant's affirmative defense 8(b) is as follows:

> Defendants affirmatively state that they were not the proximate cause of Plaintiffs injuries in that:
> . . .
> b. the Fulton Police Department, through its employees and/or officers failed to obtain medical treatment for Plaintiff despite knowledge of her condition at the time of arrest and failed to adequately inform Defendants of the circumstances surrounding her arrest.

Doc. 133, at 32.

In this motion, Cox asserts that affirmative defense 8(b) should be stricken as it is only appropriate to raise the fault of a nonparty when "it is alleged that the non-party was the sole cause of the Plaintiff[']s accident or injury." In a separate motion, Cox asserts that Defendants' affirmative defense 8(b) is unsupported by any evidence and summary judgment should be entered for Cox. Doc. 156 (Plaintiff's Motion for Partial Summary Judgement). Defendants have provided a short and plain statement why they believe they were not the proximate cause of Cox's injuries. Indeed, Cox has challenged the sufficiency of the defense in a motion for summary judgment. It cannot be said that Cox does not understand the nature of the defense. Accordingly, to the extent 8(b) is an affirmative defense, Cox's motion to strike is denied.

### D. Affirmative Defense Numbers 4, 5, 6, 7, 9, and 10.

Defendants' affirmative defenses 4, 5, 6, 7, 9, and 10 all relate to claims that certain defendants are protected by sovereign, official, or qualified immunity and that there are limitations on any award that could be granted. Affirmative defenses 4 and 5 claim that Callaway County is protected by sovereign immunity. Doc. 133, at 31. Affirmative defense 6 asserts that "all named

7

individual defendants have official immunity for all claims arising under the laws of the State of Missouri in that at all times they were exercising discretionary functions in good faith as to the Plaintiff." *Id.* Affirmative defense 7 states that "as to Plaintiffs claims under federal law, Defendant[s] have qualified immunity in that they did not intentionally violate any of the Plaintiff's clearly established federal rights." *Id.* Affirmative defense 9 states that Defendants "are immune from punitive damages pursuant to Section 537.610, RSMo.," and affirmative defense 10 states that "any award against Defendants is subject to the Sovereign Immunity cap under RSMo. § 537.610." *Id.*, at 32.

Cox has been provided ample notice of Defendants' intention to raise defenses of sovereign, official, and qualified immunity, and nothing more is required. Accordingly, Cox's motion to strike affirmative defenses 4, 5, 6, 7, 9, and 10 is denied.

### III. Conclusion

Cox's motion to strike Defendants' affirmative defenses, Doc. 139, is granted in part and denied in part. The Court strikes Defendants' affirmative defenses 1, 2, 12, and 13 as improper. The Court denies Cox's motion to strike affirmative defenses as to Defendant's affirmative defenses 3, 4, 5, 6, 7, 8(b), 9, and 10.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 31, 2020
Jefferson City, Missouri