# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CASSANDRA COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-04045-NKL |
| | ) |
| CALLAWAY COUNTY, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff Cassandra Cox's Motion for Partial Summary Judgment as to Defendants' Affirmative Defense 8(b), Doc. 156. For the following reasons, Cox's motion for partial summary judgment is denied.

**I.      Background**

Plaintiff Cassandra Cox filed suit against defendants Callaway County, Missouri; the Callaway County Sheriff's Department; and various employees of the Callaway County Sheriff's Department in their individual and official capacities. Doc. 132 (First Amended Complaint). On February 26, 2016, Cox was arrested by the Fulton Police Department for suspected possession and use of illegal drugs including methamphetamines. That same day, Cox was taken by the Fulton police to Callaway County Hospital where a blood draw was taken from her. Cox was then transported to the Fulton Police Department for an evaluation by a drug recognition expert who determined that Cox was under the influence of stimulants and cannabis. Still on February 26, 2016, Cox was transferred by the Fulton police to the Callaway County Jail. When filling out the Callaway County Jail Request for Incarceration form, the officer noted that Cox had been arrested

for DWI/Drugs and possession of controlled substances, but answered "no" to the question "Within the past 24 hours, has the person in your custody ingested or attempted to ingest any illegal or hazardous substances, prescription or non-prescription drugs?" Upon accepting custody of Cox, Defendants did not request that she receive a medical evaluation before being accepted into the jail. But Defendants contend they are not liable for their failures because it was the Fulton police that neglected to act on what they knew about Cox's status and to request a medical evaluation, and that it was the Fulton Police that failed to inform the Callaway jailers when transferring Cox what they knew about her medical state. On February 28, 2016, Cox became unresponsive in her cell. Cox alleges that she suffered from a seizure and heart attack which was caused because the Defendants ignored her serious health condition, resulting in severe and permanent damage to her heart and brain.

## II. Discussion

Summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation marks and citation omitted). "Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party." *Smith v. Basin Park Hotel, Inc.*, 350 F.3d 810, 813 (8th Cir. 2003) (citation omitted). Partial summary judgment "is merely a pretrial

adjudication that certain issues shall be deemed established for the trial of the case." Fed. R. Civ. P. 56 advisory committee's note to 1946 amendment.

Plaintiff brings this motion requesting summary judgment as to Defendants' Affirmative Defense 8(b). Defendant's affirmative defense 8(b) is as follows:

> Defendants affirmatively state that they were not the proximate cause of Plaintiffs injuries in that:
> . . .
> b. the Fulton Police Department, through its employees and/or officers failed to obtain medical treatment for Plaintiff despite knowledge of her condition at the time of arrest and failed to adequately inform Defendants of the circumstances surrounding her arrest.

Doc. 133, at 32. Plaintiff contends that Defendants cannot rely on the comparative fault of a non-party unless that non-party was the sole cause of the alleged injury. Given that the Fulton Police Department are not a party to this case and have not been alleged to have been the sole cause for Plaintiff's injuries, Plaintiff reasons that Defendants cannot present sufficient evidence to support their affirmative defense 8(b) and that partial summary judgment should be granted..

Plaintiff argues that generally, "evidence of the negligence of other persons not before the court is not admissible," *Bella v. Turner*, 30 S.W.3d 892, 897 (Mo.App. 2000) (citing *Longshore v. City of St. Louis*, 699 S.W.2d 16, 18 (Mo.App. 1985), and that "[t]he only instances when it is permissible to argue regarding the fault of a nonparty, is if it is alleged that the non-party was the **sole cause** of the Plaintiffs accident or injury." Doc. 157, at 5 (citing *Mengwasser v. Anthony Kempker Trucking, Inc.*, 312 S.W.3d 368, 370 (Mo. Ct. App. 2010)).

This Court has previously considered the issue of whether, under Missouri law, a Defendant may introduce evidence that the act of a non-party caused a plaintiff's injuries. *Lipp v. Ginger C, L.L.C.*, No. 2:15-CV-04257-NKL, 2017 WL 277579, at *2 (W.D. Mo. Jan. 19, 2017). Lipp asserted that Defendants could not raise an affirmative defense claiming third party or non-

party fault unless Ginger C, LLC. identified a non-party that was the sole cause of Plaintiffs' injuries. *Id.* This Court disagreed with the argument, citing to precedent by the Missouri Supreme Court which found that where the issue being addressed is not apportionment of fault but rather whether the defendant was liable at all, a defendant "may introduce any evidence that tends to establish that she is not guilty of the negligence charged." *Id.; see also Vasquez v. Hill*, No. 4:11CV01561AGF, 2012 WL 6568474, at *4 (E.D. Mo. Dec. 17, 2012) ("Under Missouri law, a defendant may offer evidence that the act of a third person, even a non-party, caused the plaintiff's injuries. Such evidence will not, however, preclude a determination that the defendant is liable because a defendant's negligence can be the proximate cause of an injury without being the sole cause of that injury.") (first citing *Mengwasser v. Anthony Kempker Trucking*, 312 S.W.3d 368, 373 (Mo.Ct.App.2010); then citing *Wagner v. Bondex Int'l, Inc.*, 368 S.W.3d 340, 350–351 (Mo. Ct. App. 2012)); *Beverly v. Hudak*, 545 S.W.3d 864, 877 (Mo. Ct. App. 2018).

This Court is also not convinced by Plaintiff's reference to *Bella v. Turner* as support for the argument that it would be improper to allow Defendants in this case to argue the comparative fault of a non-party. In *Bella v. Turner*, the trial court's decision to exclude testimony allowing defendant to discuss the negligence of another physician who had treated the injured plaintiff was affirmed. *Bella v. Turner*, 30 S.W.3d 892, 897 (Mo. Ct. App. 2000). Here, Plaintiff asserted that "The *Bella* court properly held: 'The cross-examination that Defendants sought would have brought up the negligence of another physician . . . such evidence is generally irrelevant and can be confusing to the jury.'" Doc. 157, at 6 (quoting *Bella*, 30 S.W.3d at 897). But Plaintiff has omitted an important distinguishing factor. In *Bella*, "The cross-examination that Defendants sought would have brought up the negligence of another physician who treated Plaintiff ***after the fact of the damage***." *Bella*, S.W.3d at 897 (emphasis added). Unlike in *Bella* where the actions of

4

another physician would not have prevented the alleged negligence of an earlier actor, here the actions of the Fulton police prior to and during the transfer of Plaintiff to Defendants' custody—such as potentially failing to provide a medical evaluation or inform defendants of important medical information—weigh directly on whether Defendants were negligent and the proximate cause of Plaintiff's injuries. A jury should be allowed to hear Defendants' relevant and probative evidence in making a determination on Plaintiff's claims.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion for partial summary judgment as to Defendants' affirmative defense 8(b), Doc. 156, is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 31, 2020
Jefferson City, Missouri